IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

MARK FROST, et al., )
                 Plaintiffs, )
 )
v. ) No. 10-1176-CV-W-FJG
 )
JEFF BLOM, FORMER CITY OF )
BUTLER CHIEF OF POLICE, et al., )
                 Defendants. )

## ORDER

Before the Court is Defendants Jim Garnett and James D. Walker's Motion to Dismiss for Lack of Subject Matter Jurisdiction (Doc. No. 3). Defendants indicate that plaintiffs' claims under 42 U.S.C. § 1983 fail, in that plaintiffs' claims sound in tort for negligence and negligent supervision, not for violations of the U.S. Constitution. Without federal claims under 42 U.S.C. § 1983, this Court would lack jurisdiction to hear plaintiffs' lawsuit, as diversity jurisdiction is not present.

**I.    Background**

Plaintiffs Mark Frost, Dianna Lynn Frost, Harold "Chad" Anderson, Courtney Anderson, Kenneth Rush and Lisa Ann Rush filed their Complaint on November 24, 2010. See Doc. No. 1. Mark Frost, Harold Anderson, and Kenneth Rush were Bates County Police Officers during the relevant time period. Plaintiffs allege that defendants Jeff Blom (former Chief of Police for Butler, Missouri), Jim Garnett (Chief of Police for Butler, Missouri) and Jerry Cook (Former Mayor of Butler, Missouri) caused them harm by failing to ensure that they received training in using personal protective equipment, and that as a result Mark Frost, Harold Anderson, and Kenneth Rush were exposed to toxic chemicals while executing a search warrant on an active methamphetamine lab.

In particular, plaintiffs allege that on November 25, 2007, the police officer plaintiffs went to a home to serve a search warrant on what was believed to be an active methamphetamine lab. Doc. No. 1, ¶ 19. The police officer plaintiffs were not wearing

protective masks on this evening. Id. ¶ 20. While the officers were entering the house, one of the inhabitants started throwing chemicals into the sump pump and turned on the water, creating a vapor of sulfuric acid, anhydrous ammonia and Coleman fuel. Id. ¶¶ 23, 24. The police officer plaintiffs were taken to the emergency room and hospitalized with chemical pneumonia and heart murmurs. Id. ¶ 26-27. The police officer plaintiffs did not wear protective masks because they believed they would fog in extreme temperatures; however, they later learned that the Self-Contained Breathing Apparatus (SCBA) masks obtained by the Butler Police Department approximately two years before the date of the execution of the search warrant would not fog in extreme temperatures. Id., ¶¶ 28, 29-40.

Plaintiffs allege that on or about April 23, 2004, defendant Blom submitted a grant application to the Missouri State Emergency Management Agency (SEMA) in his capacity as the Butler Chief of Police. Id. ¶ 29. In the grant application, defendants Blom and Cook requested state grant money to purchase six SCBA masks for the Butler Police Department. Id. ¶ 30. The terms of the grant required the persons responsible for the grant to ensure that Butler police officers were trained to use the protective SCBA masks purchased with the State Homeland Security Grant funds. Id. ¶ 31. Plaintiffs allege that defendants Blom, Garnett, and Cook were the persons responsible for the grant, and that those defendants failed to ensure the Butler Police Officers received training in the use of the SCBA masks. Id. ¶¶ 33-34.

In a periodic progress report dated December 1, 2005, submitted to the Missouri State Homeland Security Grant Program, defendants Cook and Garnett stated that "our Department received 6 MSA Blackhawk MMR SCBA with associated accessories . . . for a total price of $15,693.67. These items are now in place with the Department and training is ongoing in the use of the equipment." Id. ¶ 38. Plaintiffs allege that as of the morning of November 24, 2007, not a single Butler Police Officer had received any training on the six SCBA masks and personal protective equipment received pursuant to the grant. Id. ¶ 41. Plaintiffs allege that the Missouri Highway Patrol offered free training in the use of

personal protective equipment, but none of the defendants ensured that plaintiffs received such training.  Id. ¶¶ 42-43.  Plaintiffs assert that defendants knew or should have known that plaintiffs were being sent to a dangerous residence with an active methamphetamine lab, and that the plaintiffs had no training on handling dangerous chemicals or the use of personal protective equipment.  Id. ¶ 45.

Plaintiffs bring the following claims: (1) Count I - Due Process Claim in Violation of the Fourteenth Amendment to the United States Constitution Cognizable Under 42 U.S.C. § 1983 [this claim is brought by the police officer plaintiffs against Blom, Garnett and Cook]; (2) Count II - Negligence-Violated Ministerial Duty/Failure to Provide Mandatory Training Cognizable Under State Law [brought by the police officer plaintiffs against Blom, Garnett and Cook]; (3) Count III - Negligence - Bad Faith/Reckless Breach of Duty to Train Cognizable Under State Law [brought by the police officer plaintiffs against Blom, Garnett, and Cook]; (4) Count IV - Dianna Lyn Frost vs. Defendants Loss of Consortium/Services; (5) Count V - Courtney Anderson vs. Defendants Loss of Consortium/Services; and (6) Count VI - Lisa Ann Rush vs. Defendants Loss of Consortium/Services.

Defendants assert that plaintiffs have not state a claim with respect to Count I, the only federal claim in this suit.  With respect to that count, plaintiffs allege (1) "Defendants Blom, Garnett and Cook, acting alone or together either by direct participation or failure and/or refusal to intervene in the deprivation of the Plaintiffs rights, privileges, and immunities secured by the Constitution and laws of the United States," Doc. No. 1, ¶ 52; (2) "Defendants . . . did recklessly create the danger that led to the Plaintiffs injuries, and/or they acted in a 'conscience shocking' manner which caused a constitutional violation under 42 U.S.C.A. § 1983, 1988 in violation of the Fourth and Fourteenth Amendments to the United States Constitution, and/or failed to prevent the acts of others, when they had the opportunity to do so.  Defendants' conduct deprived the Plaintiffs of Due Process, a guarantee that persons will not be deprived of life, liberty, or property through arbitrary and capricious state action.  The Defendants deliberately failed to ensure proper training of

officers, and failed to take corrective action to protect the Officer Plaintiffs. . . ." Doc. No. 1 ¶ 53; (3) The Defendants . . . acted with deliberate indifference to the maintenance, training, and control of its police officers, and the bodily integrity of the Plaintiffs, and that indifference was a proximate cause of Plaintiffs' permanent injuries. Defendants' actions are violation of Plaintiff Officers' . . . constitutional rights," Id. ¶ 54; (4) "The Defendants knew or should have known that the Plaintiffs were being sent to a dangerous residence where dangerous chemicals including methamphetamine was [sic] actively cooking, the violent tendencies of the persons in the home cooking the dangerous chemicals, the fact that the Officer Plaintiffs had no training on handling dangerous chemicals or the use of the personal protective equipment, and thus created a dangerous condition for the Plaintiffs, which the Defendants failed to modify," Id. ¶ 55; (5) "Defendants failed to ensure the Plaintiffs were trained with safety equipment and masks and affirmatively instructed the police officer Plaintiffs to go into the residence and serve a search warrant when the Defendants knew or should have known that there was a significant risk that the Plaintiffs would be injured," Id. ¶ 56; and (6) "As a direct and proximate result of the aforedescribed actions by Defendants Blom, Garnett, and Cook, both individually and committed under color of law and under their authority, Plaintiffs Mark Frost, Harold "Chad" Anderson, and Kenneth Rush suffered grievous bodily harm and were deprived of their right to Due Process, in violation of the Fourteenth Amendments of the Constitution of the United States and 42 U.S.C. § 1983." Id. ¶ 57.

**II.     Standard**

Defendants move to dismiss for lack of subject matter jurisdiction, pursuant to Fed. R. Civ. P. 12(b)(1). A motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) may challenge either the factual truthfulness or the facial sufficiency of the plaintiff's jurisdictional allegations. Titus v. Sullivan, 4 F.3d 590, 593 (8th Cir. 1993) (citing Osborn v. United States, 918 F.2d 724, 729 n. 6 (8th Cir. 1990)). Here, defendants have made facial attacks on the pleadings; in their motions to dismiss, defendants do not present

a challenge to the facts as stated in plaintiff's complaint. In reviewing a facial attack, the court restricts itself to the face of the pleadings, and the non-moving party receives the same protections as it would defending against a motion brought under Rule 12(b)(6).

On a motion brought under Rule 12(b)(6), the Court must consider whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009)(quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A complaint "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (internal quotations omitted). On a motion to dismiss, a court's evaluation of a plaintiff's complaint is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 129 S.Ct. at 1950.

## III.  Analysis

Defendants indicate that this Court lacks subject matter jurisdiction over this lawsuit, as plaintiffs' 42 U.S.C. § 1983 claims do not state a claim upon which relief can be granted. Plaintiffs attempt to bring this action under 42 U.S.C. §§ 1983 and 1988, under the Fourth and Fourteenth Amendments to the U.S. Constitution. See Doc. No. 1, ¶ 4. Defendants argue that (1) plaintiffs' Fourth Amendment claims must fail because the there is no unreasonable search or seizure at issue in this case (instead, the police officer plaintiffs were conducting a search at the time they were injured); (2) plaintiffs' Fourteenth Amendment substantive due process claims fail; and (3) plaintiffs' failure to train claims fail.

### A.  Fourth Amendment

Defendants argue that there is no unreasonable search or seizure under the facts of this case, so plaintiff's Fourth Amendment claims must fail. Plaintiffs do not respond to defendants' argument. The Court concurs with defendants that plaintiffs do not state a plausible Fourth Amendment claim. Therefore, defendants' motion will be **GRANTED** with respect to any Fourth Amendment claims in plaintiffs' complaint.

B.  Fourteenth Amendment Substantive Due Process

Defendants argue that plaintiffs do not state a claim for violation of their substantive due process rights. Plaintiffs respond that they have stated a claim for a Fourteenth Amendment substantive due process violation for failure to protect. Plaintiffs' theory is the state-created danger rule, which generally provides that state officials may be liable for injuries caused by a private actor where the officials created the danger that led to the harm. S.S. v. McMullen, 225 F.3d 960, 962 (8th Cir. 2000)(en banc). Under this theory, a plaintiff must prove (1) he or she was a member of a limited, precisely definable group, (2) the defendants' conduct put the plaintiff at a significant risk of serious, immediate and proximate harm, (3) the risk was obvious or known to the defendant, (4) the defendant acted recklessly in conscious disregard of the risk, and (5) in total, the defendant's conduct shocks the conscience. Avalos v. City of Glenwood, 382 F.3d 792, 798 (8th Cir. 2004)(citing Ulrig v. Harder, 64 F.3d 567, 574 (10th Cir. 1995)). Mere negligence does not rise to the level of conscience-shocking and cannot support a substantive due process claim. Id. at 798 (citing Terry B. v. Gilkey, 229 F.3d 680, 684 (8th Cir. 2000)). In addition, gross negligence and recklessness are not enough to maintain a federal substantive due process action. S.S. v. McMullen, 225 F.3d 960, 965 (8th Cir. 2000). Instead, "In order to succeed, a complaint for violation of substantive due process rights must allege acts that shock the conscience, and merely negligent acts cannot, as a constitutional matter do that." Id. "[S]ubstantive due process violations involve conduct so severe . . . so inspired by malice or sadism rather than a merely careless or unwise excess of zeal that it amount[s] to a brutal and inhuman abuse of official power literally shocking to the conscience." Hart v. City of Little Rock, Arkansas, 432 F.3d 801, 806 (8th Cir. 2006).

Plaintiffs cite Kallstrom v. City of Columbus, 136 F.3d 1055 (6th Cir. 1998) for the proposition that a city could be held liable for injuries suffered by police officers under a state-created danger theory, in a case where the "City either knew or clearly should have known" that releasing undercover officers' personal information could increase their

"vulnerability to private acts of vengeance." See id. at 1066-67. However, as noted by defendants, the Eighth Circuit specifically has rejected the Kallstrom decision, finding "The Kallstrom court erroneously applied a negligence standard instead of the subjective deliberate indifference standard." Hart, 432 F.3d at 808. Here, defendants state that plaintiffs have not pled that any of the three defendants knew that the police officers entering the residence would need the specialized masks or that they intended that the plaintiffs be harmed. Defendants argue that because defendants did not act with the intent to harm or in a conscience-shocking manner towards plaintiffs, they cannot be found to have violated plaintiffs' substantive due process rights.

The Court agrees with defendants that under the facts pled, plaintiffs have not stated a claim for relief under a state-created danger theory that is plausible on its face. When the Court disregards the legal conclusions pled in the complaint, the Court finds that, at best, plaintiffs have pled facts demonstrating gross negligence or recklessness. This is insufficient to demonstrate a violation of plaintiffs' Fourteenth Amendment substantive due process rights. Therefore, defendants' motion to dismiss will be **GRANTED** as to plaintiffs' Fourteenth Amendment substantive due process claims.

C.   Failure to Train

Defendants argue that there is no authority from either the Supreme Court or the Eighth Circuit that demonstrates that a municipal employee can sue his or her own supervisor or employer for injuries suffered due to an alleged failure to train; instead, the typical "failure to train" case arises when a municipal employee violates a person's constitutional rights, and the aggrieved person seeks hold the municipality liable in addition to the municipal employee. See Szabla v. City of Brooklyn Park, 486 F.3d 385, 391 (8th Cir. 2007) (providing "only where a municipality's failure to adopt adequate safeguards was the product of deliberate indifference to the constitutional rights of its inhabitants will the municipality be liable for an unconstitutional policy under § 1983").

In response, plaintiffs argue that a municipality can be held liable under Section

1983 for failing to properly train its employees, indicating that there is a causal nexus between the failure to train and plaintiffs' injuries in the present matter. See Doc. No. 7, p. 12. However, the Supreme Court has held that "[T]he inadequacy of police training may serve as the basis for § 1983 liability only where the failure to train amounts to deliberate indifference to the rights of persons with whom the police come into contact." City of Canton v. Harris, 489 U.S. 378, 388 (1989). Here, plaintiffs have pled no facts leading to a plausible claim that the failure to train amounts to deliberate indifference to the rights of those who come in contact with the police; instead, it is the police officers who are making claims on their own behalf. Further, there must be an underlying constitutional violation before a supervisor can be found liable under a failure to train theory. See Sanders v. City of Minneapolis, 474 F.3d 523, 526 (8th Cir. 2007). Here, as discussed previously, plaintiffs have not pled facts which could demonstrate a violation of their constitutional rights; instead, their claims sound in tort. Therefore, defendants' motion to dismiss as to plaintiffs' claims for failure to train must be **GRANTED**, as well.

**IV.  Conclusion**

Therefore, for the foregoing reasons, defendants' motion to dismiss for lack of subject matter jurisdiction (Doc. No. 3) is **GRANTED**. Further, the federal claims against defendant Blom fail for the same reasons as asserted by the moving defendants. As all of plaintiffs' federal claims fail, this Court does not have subject matter over the remainder of the lawsuit, and this case will be **DISMISSED WITHOUT PREJUDICE** pursuant to Fed. R. Civ. P. 12(b)(1).

**IT IS SO ORDERED.**

Date: 05/17/11  
Kansas City, Missouri

**S/ FERNANDO J. GAITAN, JR.**  
Fernando J. Gaitan, Jr.  
Chief United States District Judge